Northrop agt. Van Dusen.

## SUPREME COURT.

### NORTHROP agt. VAN DUSEN.

So much of a rule entered by *default*, upon motion, as grants costs to abide the event of the suit, will be set aside for irregularity, if no notice of the application for costs is given in the notice of motion.

A notice of motion was served on the plaintiff in this case for a rule or order to change the place of trial from Albany to Montgomery county, " and for such other and further rule or order in the premises as the court may deem proper to grant;" but there was no notice of an intended application for costs of motion.

The defendant took the order for the change of the place of trial on the 27th of August, by default, and for ten dollars costs in favor of the defendant to be recovered by him in case he succeeded in the suit.

This motion was made to vacate so much of the order of August 27th, as awarded costs.

R. H. NORTHROP, *Pl'ff in Person.*

F. FISH, *for Defendant.*

PARKER, Justice.—Crippen vs. Ingersoll (10 *Wend. R.* 603), is decisive on the point that under a general clause in a notice asking for other and further relief, the party can not take costs of motion. The order of 27th August is therefore irregular, and so much of it as provides costs must be set aside.

The order did not give costs absolutely as in the case cited. It only provided what the law would have given without an entry

in the order under the late practice, and what would have been allowed if asked for in the notice, whether the motion was granted or denied. For these reasons, considering the unsettled state of the practice and that this question is for the first time presented, I think no costs of this motion should be allowed.